122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PETRO G. ELIOPULOS and JANET A. ELIOPULOS, husband and wife,
Plaintiffs-Appellants,
v.
IDAHO STATE BANK, Defendant-Appellee.
 No. 96-36090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petro G. and Janet A. Eliopulos appeal pro se the district court's denial of their Fed.R.Civ.P. 60(b) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion a district court's denial of a motion to vacate an order under Rule 60(b), see Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995), and we affirm.
 
 
 3
 The Eliopuloses filed the Rule 60(b) motion requesting the court set aside an order dismissing their complaint with prejudice based on their contention that the judge who oversaw the underlying action should have recused himself from the proceedings.
 
 
 4
 In the underlying action, the Eliopuloses moved to dismiss the action and Senior District Judge Harold L. Ryan dismissed all claims with prejudice on October 21, 1994. Fourteen months later, on January 4, 1996, after discovering that Judge Ryan had recused himself from other cases involving the defendant, the Eliopuloses moved to set aside the judgment and dismissal. The Eliopuloses have appealed the district court's denial of that motion.
 
 
 5
 The Eliopuloses contend that the district court abused its discretion by denying their motion to set aside the judgment and dismissal because, pursuant to Fed.R.Civ.P. 60(b)(6), Judge Ryan's failure to recuse himself constituted "extraordinary circumstances." We disagree.
 
 
 6
 In a case remarkably on point, the Supreme Court found it appropriate to consider the risk of injustice to the parties, the risk that the denial of relief would produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988). We have, however, used Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest injustice and Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that extraordinary circumstances beyond its control prevented timely action to protect its interests. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993).
 
 
 7
 Filing a Rule 60(b) motion fourteen months after a dismissal risks not only penalizing appellee, but also undermining the finality of other judgments and the public's confidence. See Liljeberg, 486 U.S. at 864. We agree with the district court that the Eliopuloses have not shown what, if any, injury they have suffered as a result of Judge Ryan's failure to recuse himself or what, if any, extraordinary circumstances beyond their control account for this untimely motion. See Alpine, 984 F.2d at 1049-50. As in United States v. Washington, 98 F.3d 1159 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3713 (Apr. 7, 1997) (No. 9E-1607), this case does not present the extraordinary circumstances required to use Rule 60(b)(6) to correct a manifest injustice.
 
 
 8
 Accordingly, the district court did not abuse its discretion by denying the Eliopulos's Rule 60(b) motion requesting it set aside the order dismissing their complaint. See Export Group, 54 F.3d at 1469.[1]
 
 
 9
 The Eliopuloses also contend that the district court abused its discretion by denying their motion to sanction defendant. We disagree. The Eliopuloses requested sanctions in their Rule 60(b) motion, rather than filing a separate motion as required. See Fed.R.Civ.P. 11(c)(1)(A). Accordingly, the district court did not abuse its discretion by denying sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).[2]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the Eliopuloses's requests for oral argument. are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent the Eliopuloses rely on Fed.R.Civ.P. 60(b)(2) and 60(b)(3), we agree with the district court that the motion is time-barred. See Fed.R.Civ.P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment.") In addition, on appeal, the Eliopuloses have waived these arguments by failing to raise them in their opening brief. See Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir.1995)
 
 
 [2]
 To the extent the Eliopuloses contend that the district court abused its discretion by denying them discovery, briefing, and a hearing on their motions, we note that they never moved for discovery, briefing, or a hearing